IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

MICHAEL JUSTIN PARKINS                                    PLAINTIFF
ADC #168018

V.                          Case No. 4:23-CV-01119-JM-BBM

DOE, Hernia Mesh Company                                  DEFENDANT

**RECOMMENDED DISPOSITION**

The following Recommended Disposition ("Recommendation") has been sent to United States District Judge James M. Moody Jr. You may file written objections to all or part of this Recommendation. If you do so, those objections must: (1) specifically explain the factual and/or legal basis for your objection; and (2) be received by the Clerk of this Court within fourteen (14) days of the date of this Recommendation. If you do not file objections, Judge Moody may adopt this Recommendation without independently reviewing all of the evidence in the record. By not objecting, you may waive the right to appeal questions of fact.

**I.    INTRODUCTION**

On November 22, 2023, Plaintiff Michael Justin Parkins ("Parkins"), a prisoner currently incarcerated in the East Arkansas Regional Unit of the Arkansas Division of Correction ("ADC"), filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983, alleging that Defendant—Doe Hernia Mesh Company—violated his constitutional rights. (Doc. 2). Since the filing of his Complaint, Parkins has filed two Notices, alleging that multiple different Defendants violated numerous constitutional rights. (Docs. 6–7). He has also filed

a Supplemental Complaint in which he details the monetary relief that he seeks from Defendant Doe Hernia Mesh Company. (Doc. 8). Before Parkins may proceed with this action, the Court must screen his claims in accordance with the Prison Litigation Reform Act ("PLRA").[1] 28 U.S.C. § 1915A(a).

## II.    ALLEGATIONS

In his Complaint, Parkins asserts that he had a mesh product, allegedly made by Defendant Doe Hernia Mesh Company, surgically implanted on May 6, 2019. (Doc. 2 at 4). He claims that the mesh product has been recalled, and $4.8 million has already been awarded as a result. *Id*. Parkins continues to have severe issues with pain, and he would like to discuss the potential for surgery to remove the mesh product or to receive monetary damages. *Id*. Parkins sues Defendant Doe Hernia Mesh Company in its individual and official capacity. *Id*. at 2. He seeks monetary relief. (Doc. 8 at 1).

In his first Notice, filed on January 24, 2024, Parkins claims that he is "now in fear for [his] life." (Doc. 6 at 1). He claims that officers are "now stealing [his] mail." *Id*. He asserts that officers have stolen his petition for writ of habeas corpus in another case and that staff will not sign his grievances or collect his legal mail. *Id*. Parkins alleges that Sergeant Gram, Johnson, Lyle, Lieutenant King, and Sergeant Jackson took his motions and amended complaint in different cases in an "elaborate conspiracy to destroy evidence

---

[1] The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or a portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b). When making this determination, the Court must accept the truth of the factual allegations contained in the complaint, and it may consider the documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

of [his] documents proof of racial discrimination retaliation theft of property money[.]" *Id*.

at 1–2 (errors in original). He cites specific incidents that occurred in January 2024 related

to his mail and grievances. *Id*.

In his second Notice, filed on February 26, 2024, Parkins claims that he is being

retaliated against for pursuing his civil rights and claims that one of his civil rights cases

was dismissed because his mail never reached the Court. (Doc. 7 at 1). He states that he

has sent request forms to Warden Moses Jackson, Deputy Warden Richardson, Sergeant

Brandon, Mental Health, Maintenance, Sergeant Westbrook, and Major Taylor. *Id*. He cites

specific incidents from December 2023 and January 2024 and alleges that he is the victim

of theft, forgery, fraud, racism, and deliberate indifference to due process and personal

liberties. *Id*. at 1–2. He claims that he is on lockdown 24-hours a day with no access to a

notary and that he has not received responses to inquiries related to lost or stolen

paperwork, property, and/or legal mail. *Id*. at 2.

## III.   DISCUSSION

To survive pre-service screening under the PLRA, a "complaint must contain

sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its

face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[L]abels and conclusions," a

"formulaic recitation of the elements of a cause of action," and "naked assertions devoid

of further factual enhancement" are insufficient to plead a plausible claim. *Id*. Further,

"[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).

However, "[a] pro se complaint must be liberally construed," and courts "should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) (cleaned up; citations omitted); *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (citation omitted). As the Eighth Circuit has indicated, pleadings should be read together and construed so as to do justice. *Kiir v. N. Dakota Pub. Health*, 651 F. App'x 567, 568 (8th Cir. 2016); *Cooper v. Schriro*, 189 F.3d 781, 783 (8th Cir. 1999) (per curiam). Accordingly, the Court will treat Plaintiff's allegations as if set forth in one Complaint.

Liberally construing Parkins's Complaint, Supplemental Complaint, and Notices, he fails to allege any plausible claims against any of the named Defendants. Accordingly, for the reasons stated herein, the Court recommends Parkins's claims be dismissed without prejudice.

### A.    Failure to Identify State Actor

Parkins names Doe Hernia Mesh Company as the sole Defendant in his Complaint and Supplemental Complaint. (Doc. 2 at 1; Doc. 8). Defendant Doe Hernia Mesh Company is a private actor. To be subject to a claim under § 1983, "a private actor must be a 'willful participant in joint activity with the State' in denying plaintiff's constitutional rights." *Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 536 (8th Cir. 2014) (quoting *Dossett v. First State Bank*, 399 F.3d 940, 947 (8th Cir. 2005)). "A plaintiff 'must allege, at the very least, that there was a mutual understanding, or a meeting of the minds, between the private party and the state actor.'" *Pendleton v. St. Louis Cnty.*, 178 F.3d 1007, 1011 (8th Cir. 1999) (internal citation omitted). Because Parkins made no such allegations, there

is no basis for his § 1983 claim against the private actor Defendant Doe Hernia Mesh

Company.

### B.    Unrelated Claims Against Multiple Defendants

In the four documents that contain his pleadings, Parkins alleges a myriad of

*unrelated* claims against *different* Defendants. In his original Complaint, Parkins sued only

Defendant Doe Hernia Mesh Company. (Doc. No. 2 at 1). In his Notices, he references

Sergeant Gram, Johnson, Lyle, Lieutenant King, Sergeant Jackson, Warden Moses

Jackson, Deputy Warden Richardson, Sergeant Brandon, Mental Health, Maintenance,

Sergeant Westbrook, and Major Taylor. (Doc. 6 at 1; Doc. 7 at 1). He asserts violations of

his right to access the courts, conspiracy, racial discrimination, retaliation, theft of property,

forgery, and deliberate indifference to due process. (Doc. 6 at 2; Doc. 7 at 1–2). He claims

that he is on 24-hour a day lockdown with no access to a notary, and he has not received

responses to inquiries related to lost or stolen paperwork, property, or legal mail. (Doc. 7

at 2).

A plaintiff may make multiple claims against a sole defendant. FED. R. CIV. P. 18.

However, if a plaintiff wants to sue multiple defendants bringing various claims, Rule 20

of the Federal Rules of Civil Procedure governs which defendants may be joined in a

lawsuit. Rule 20 provides, in relevant part:

> (a)(2) Defendants. Persons…may be joined in one action as defendants if:
> (A) any right to relief is asserted against them jointly, severally, or in the
> alternative with respect to or arising out of the same transaction, occurrence,
> or series of transactions or occurrences; and (B) any question of law or fact
> common to all defendants will arise in the action.

FED. R. CIV. P. 20(a)(2).

If the right to relief does not arise out of the same transaction, occurrence, or series of transactions or occurrences, *and* no question of law or fact is common to all defendants, then the defendants are not properly joined in one lawsuit. As the Court interprets Parkins's allegations, many Defendants are not properly joined in this action. He may not proceed on all the varied claims he is attempting to bring in this action.

### C.    Unexhausted Claims

In his first Notice, filed on January 24, 2024, Parkins alleges that he is "now in fear for [his] life[,]" officers are "now stealing [his] mail[,]" and he cites to specific incidents that occurred in January 2024 related to his mail and grievances. (Doc. 6 at 1–2). In his second Notice, filed on February 26, 2024, Parkins claims that he is being retaliated against for pursuing his civil rights, and he cites to specific incidents that occurred in December 2023 and January 2024. (Doc. 7 at 1–2). Because these events occurred *after* Parkins initiated this action in November 2023, he could not have exhausted his administrative remedies as to these events *before* bringing this action.[2]

Although failure to exhaust is an affirmative defense, it is appropriate for the Court to dismiss unexhausted claims upon screening when it is apparent from the face of the Complaint that the plaintiff failed to exhaust his administrative remedies. *See Jones v. Bock*, 549 U.S. 199, 214–15 (2007); *Carbe v. Lappin*, 492 F.3d 325, 328 (5th Cir. 2007) ("Under *Jones*, [] a court can dismiss a case prior to service on defendants for failure to

---

[2] In his second Notice, Parkins states that he has sent more than fifteen "request forms" on the following dates: "10/29/23, 12/13/23, 12/10/23, 12/6/23, 12/17/23, 1/8/24, 1/29/24[.]" (Doc. 7 at 1). He does not make any clear allegations related to these request forms; therefore, his vague mention of one date in October 2023 does not remedy any deficiencies related to his unexhausted claims.

state a claim, predicated on failure to exhaust, if the complaint itself makes clear that the prisoner failed to exhaust."). Under well-established Eighth Circuit case law, a plaintiff must exhaust his administrative remedies *before* initiating a § 1983 action. *Johnson v. Jones*, 340 F.3d 624, 626–28 (8th Cir. 2003) ("Under the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court…If exhaustion was not completed at the time of filing, dismissal is mandatory.") (emphasis in original). Because Parkins could not have exhausted his post-Complaint claims before initiating this § 1983 action, he cannot pursue those claims in this action.

Moreover, Parkins indicates that he did not exhaust his administrative remedies related to his claims against Defendant Doe Hernia Mesh Company prior to filing his Complaint. *See* (Doc. 2 at 3–4) ("Currently at 2nd step of grievance process in pursuit of exhaustion[.]") Thus, Parkins's claim against Defendant Doe Hernia Mesh Company is also subject to dismissal for failure to exhaust administrative remedies. *See Jones*, 549 U.S. at 214–15.

## IV.    CONCLUSION

After careful consideration of Parkins's Complaint, (Doc. 2), Supplemental Complaint, (Doc. 8), and Notices, (Docs. 6–7), the Court finds that Parkins failed to allege any plausible claims. Accordingly, the Court recommends that Parkins's claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.

IT IS THEREFORE RECOMMENDED THAT:

1.      Parkins's Complaint, (Doc. 2), Supplemental Complaint, (Doc. 8), and, Notices (Docs. 6–7) be DISMISSED, without prejudice.

2.      The Court RECOMMEND that the dismissal count as a "strike" for the purposes of the Prison Litigation Reform Act. 28 U.S.C. § 1915(g); *see Gonzalez v. United States*, 23 F.4th 788, 789 (8th Cir.), *cert. denied*, 142 S. Ct. 2837 (2022).

3.      The Court CERTIFY, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting this Recommended Disposition and the accompanying judgment would not be taken in good faith.

DATED this 15th day of August, 2024.

_____
UNITED STATES MAGISTRATE JUDGE